IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sean Alexander Echols, #282720, ) | C/A No.: 3:16-3228-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Mr. Kenneth Witherspoon, United ) | |
| States Assistant Attorney; and Ms. ) | |
| Stacey Haynes, United States Assistant ) | |
| Attorney, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Sean Alexander Echols ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at the Kirkland Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He files this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971),[1] against United States Assistant Attorneys Kenneth Witherspoon ("Witherspoon") and Stacey Haynes ("Haynes") (collectively "Defendants") alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such

---

[1] *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983 and case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n.30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges federal and state agents served him with a three-count federal indictment on May 2, 2013. [ECF No. 1 at 5]. Plaintiff states he filed several requests to obtain a copy of his discovery materials, but his requests were denied. *Id.* at 5–6. Plaintiff claims he was forced to enter a plea in 2014, although his counsel "never brought plaintiff discovery material to go over," and states he was sentenced to 20 years "for a crime [he] is innocent." *Id.* at 6. Plaintiff claims Defendants continued to deny his numerous requests for discovery and he did not "have discovery to prepare to bring [his] case before the courts." *Id.* Plaintiff alleges he filed a motion for a copy of his discovery materials in 2016, and Defendants opposed his motion stating Plaintiff's access to his discovery would pose a security risk to witnesses, SCDC correctional officers, and SCDC inmates. *Id.* at 6–7. Plaintiff alleges Defendants allowed Plaintiff's interview statements to be sent to a suspect "listed as the mastermind of this crime." *Id.* at 7.[2] Plaintiff argues Defendants "deliberate mishandling of plaintiff's confidential interview" has placed Plaintiff's life in "grave danger." *Id*. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 10.

---

[2] Plaintiff previously filed a civil action regarding Defendants' alleged mishandling of Plaintiff's interview, which was summarily dismissed. *See Echols v. Witherspoon*, C/A 3:16-2732-MGL.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

3

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff alleges Defendants violated his constitutional rights when they opposed his numerous requests for a copy of his discovery materials. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims against Defendants relate to actions associated with the prosecution of his criminal charges, his claims are barred by prosecutorial immunity. Accordingly, the undersigned recommends Plaintiff's complaint be summarily dismissed.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

October 12, 2016                                   Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).